```
 1  F. Anthony Edwards SBN 181606
    LAW OFFICES OF F. ANTHONY
 2  EDWARDS
    1850 Mt. Diablo Boulevard, Suite 650
 3  Walnut Creek, CA 94596
    Telephone: 925-947-1600
 4  Facsimile:  925-947-1990
 5
    Attorneys for Plaintiff
 6
 7           UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF CALIFORNIA
 8
 9
10  UNITED STATES OF AMERICA,              Case No.: C07-6447-MEJ
11             Plaintiff,
                                           ANSWER, AFFIRMATIVE DEFENSES,
12      v.                                 CROSS COMPLAINT, DEMAND FOR
                                           EQUITABLE RELIEF and DAMAGES
13  F. ANTHONY EDWARDS a/k/a               and JURY DEMAND
    FERNANDO EDWARDS and SHARON DE
14  EDWARDS, individually and SHARON DE
    EDWARDS, M.D., FACOG, a sole
15  proprietorship.
16             Defendants.
    _____
17
    F. ANTHONY EDWARDS a/k/a
18  FERNANDO EDWARDS and SHARON DE
    EDWARDS, individually and SHARON DE
19  EDWARDS, M.D., FACOG, a sole
    proprietorship,
20
               Cross-Complainants,
21
        v.
22
    UNITED STATES OF AMERICA,
23
               Cross-Defendant.
24
25
26       COMES NOW Plaintiffs and Cross-Complainants, by and through their counsel to

27  answer and allege as follows:

28  Answer and X-complaint
```

1. Admitted that the action is brought. Denied in all other respects.
2. Neither admitted nor denied for lack of knowledge.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Denied that any said taxes are owed.
8. Denied that any said taxes are owed.
9. Denied that any said civil penalties are owed.
10. Denied that any said taxes are owed.
11. Denied that any said Notices were lawfully made.
12. Denied that any said Notices were lawfully made.
13. Denied that any said Notices were lawfully made.
14. Denied that any said Notices were lawfully made.
15. Denied that Defendants failed or neglected to pay any assessment that were lawfully noticed.
16. Denied that any said amount is owing and that Defendants failed or refused to pay any assessment that were lawfully noticed.

**AFFIRMATIVE DEFENSES**

1. Plaintiff failed to properly allocate the payments it received on behalf of Defendants to the taxes that were due.
2. Plaintiff failed to notify Defendants of any payments it received on behalf of  Defendants.
3. Plaintiff failed to notify Defendants how, where and when it applied the payments it received on behalf of Defendants.
4. Plaintiff has overstated the interest and penalties owed by Defendants by

Answer and X-complaint                                        2

mis-allocating payments it received on behalf of Defendants.

5. Plaintiff failed to give legal notice to Defendants for 1040 income tax liens.

6. Plaintiff has applied payments it received on behalf of defendants, to legally unenforceable 1040 tax liens.

7. Plaintiff also issued additional 1040 tax liens that were in violation of the Bankruptcy Court's Order, and then applied payments it received on behalf of Defendant to these legally unenforceable tax liens.

## CROSS- COMPLAINT

1. Defendants and Cross-Complainants avers that jurisdiction and venue are proper in this Court by virtue of 28 USC §§ 1340, 1345 and 28 USC §§ 1391 and 1396.

2. Defendant and Cross-Complainant, Sharon de Edwards, M.D., FACOG, agreed to submit her list of accounts receivables to Plaintiff and Cross-Defendant, to allow the same to execute levies against her creditors to satisfy payments of 941 and 940 taxes that were due and unpaid.

3. In connection with the agreement stated in paragraph two (2) above, the parties orally agreed that Plaintiff and Cross-Defendant was to provide Defendant and Cross-Complainant with monthly notices of the payments collected and the allocation of said payments.

4. Notwithstanding said agreement, Plaintiff and Cross-Defendant failed to provide any notice of payments received or any notice of allocation of said payments.

5. Plaintiff and Cross-Defendant then applied the payments it received on behalf of Defendant and Cross-Complainant, Sharon de Edwards, M.D., FACOG to legally unenforceable 1040 tax lien on which it failed to give legal notice.

6. Plaintiff and Cross-Defendant also applied payments it received on behalf of Defendant and Cross-Complainant, Sharon de Edwards, M.D., FACOG to

Answer and X-complaint                          3

1040 taxes that were barred by the Bankruptcy Court's Order.

7. When Defendants and Cross-Complainants sought information and guidance from Plaintiff and Cross-Defendant regarding its conduct, agents and employees of Plaintiff and Cross-Defendant refused or failed to respond and instead, without reasonable basis and in a bias and irrational manner, accused Defendants and Cross-Complainants of engaging in "Pyramiding."

8. When Defendants and Cross-Complainants made payments on their 1040 taxes, Plaintiff and Cross-Defendant applied the payments to legally unenforceable tax liens on which it had failed to give legal notice or that had been barred by the Bankruptcy's Court Order.

9. When Defendants and Cross-Complainants applied for home equity loans to pay the taxes that Plaintiff and Cross-Defendant alleged that were past due, agents and/or employees submitted false tax liens to Defendants and Cross-Complainants lenders, effectively sabotaging the loans.

10. In failing to provide monthly notices of payments received and payments allocated, as promised, some of Defendant and Cross-Complainant, Sharon de Edwards, M.D., FACOG's debtors have stated that they paid Plaintiff and Cross-Defendant monies on behalf of Defendant and Cross-Complainant, Sharon de Edwards, M.D., FACOG, for which Defendant and Cross-Complainant stated it received no payment.

As a direct and proximate result of the conduct of the agents and/or employees of Plaintiff and Cross-Defendant, Defendants and Cross-Complainants suffered tremendous economic hardship and financial harm which until this day threatens both their private practices and their home.

As a direct cause of Plaintiff and Cross-Defendant conduct as stated above in paragraph ten (10) above, Defendant and Cross-Complainant, Sharon de Edwards, M.D., FACOG, is unable to verify whether the funds were paid and received by Plaintiff and Cross-Defendant, or whether her debtors absconded with the funds.

As a further direct and proximate result of the conduct of the agents and/or employees of Plaintiff and Cross-Defendant, Defendants and Cross-Complainants has suffered financial and economic losses in excess of $500,000.00.

**PRAYER**

**A. EQUITABLE RELIEF**

1. Defendants and Cross-Complainants request the Court to issue an Order instructing Plaintiff and Cross-Defendant to immediately release the funds collected to Defendants and Cross-Complainants until this matter is resolved on the merits.

2. Defendants and Cross-Complainants request the Court to issue an Order instructing Plaintiff and Cross-Defendant to immediately cease and desists all collection activities until this matter is resolved on the merits.

**B. DAMAGES**

1. In the amount of $500,000.00, as of the date of this filing, plus all future damages in addition to legal interest thereon.

**C. ATTORNEY FEES**

1. In the amount of $100,000.00, per statute.

**D. COSTS**

1. According to proof.

**F. DEMAND FOR JURY**

1. Demand for Jury is hereby made.

Dated: February 11, 2008          **LAW OFFICES OF F. ANTHONY EDWARDS**


By:_____/S/_____
    F. Anthony Edwards
    Attorney for Defendants and Cross-Complainants

Answer and X-complaint                            5