1  JOSEPH RUSSONIELLO  (CSBN 44332)
   United States Attorney
2  THOMAS MOORE  (ASBN 4305-O78T)
   Assistant United States Attorney
3  Chief, Tax Division
   CYNTHIA STIER (DCBN 423256)
4  Assistant United States Attorney
    9th Floor Federal Building
5    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
6    Telephone:  (415) 436-7017

7  Attorneys for United States of America

8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                     SAN FRANCISCO DIVISION
11
                                    )
12  UNITED STATES OF AMERICA,        )    Case No.  C-07-06447-MCC
                                    )
13           Plaintiff,              )
                                    )
14                                   )
                                    )
15       v.                          )    AMENDED COMPLAINT
                                    )
16  F. ANTHONY EDWARDS a/k/a         )
    FERNANDO EDWARDS, and SHARON     )
17  DE EDWARDS, individually and     )
    SHARON DE EDWARDS, M.D.          )
18  FACOG, a sole proprietorship, CONTRA )
    COSTA COUNTY TAX COLLECTOR,      )
19  CALIFORNIA SERVICE BUREAU,       )
    INC., ATKINSON-BAKER, INC.,      )
20  MULLIN LAW FIRM, STERNBERG &     )
    COAD-HERMELIN, LLP, JUST         )
21  WATER HEATERS, COUNTRYWIDE       )
    HOME LOANS, CALIFORNIA STATE     )
22  FRANCHISE TAX BOARD, BARRY R.    )
    THOMPSON, and SUN-BRITE          )
23  PROFESSIONAL SERVICE, INC.       )
                                    )
24           Defendants.            )
    _____)

25       Now comes the United States of America, by and through its undersigned counsel, and

26  amends its Complaint as follows:

27  ///

28  ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COUNT I

## JURISDICTION AND VENUE

1.   This is a civil action brought by the United States to reduce to judgment outstanding federal tax assessments against Defendants, F. Anthony Edwards, Sharon de Edwards, individually and Sharon de Edwards, M.D. FACOG, a sole proprietorship, and to foreclose its federal tax liens upon real property described more fully below.

2.   This action is commenced pursuant to 26 U.S.C. §§ 7401 and 7403(a), at the direction of the Attorney General of the United States, with the authorization and sanction, and at the request of the Area Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury.

3.   Jurisdiction over this action is conferred upon this Court by Title 28, United States Code, Sections 1340 and 1345, and under I.R.C. Sections 7402(a) and 7403.

4.   Venue is proper because the Defendant taxpayers reside in the Northern District of California.  28 U.S.C. §§ 1391 and 1396.

## IDENTIFICATION OF DEFENDANTS

5.   Defendant F. Anthony Edwards currently resides at 715 Castle Rock Drive, Walnut Creek, California 94598, which is within the jurisdiction of this Court.

6.   Defendant Sharon de Edwards currently resides at 715 Castle Rock Drive, Walnut Creek, California 94598, which is within the jurisdiction of this Court.

7.   Contra Costa County Tax Collector, c/o Contra Costa County Assessor's Office, 555 Escobar Street, Martinez, California 94553, is named as a party to this action pursuant to I.R.C. §7403(b) in that it may claim an interest in the property which is the subject of this action.

8.   California Service Bureau, Inc., c/o Cutler, McLaughlin & Hendrickson, 3510 Unocal Place, Santa Rosa, California 95404, is named as a party to this action pursuant to I.R.C. §7403(b) in that it may claim an interest in the property which is the subject of this action.

9.   Atkinson-Baker, Inc., 500 North Brand Blvd., Third Floor, Glendale, California 91203, is named as a party to this action pursuant to I.R.C. §7403(b) in that it may claim an interest in the property which is the subject of this action.

///

10.  Mullin Law Firm, Ronald K. Mullin, 1320 Willow Pass Road, Suite 420, Concord, California 94520, is named as a party to this action pursuant to I.R.C. §7403(b) in that it may claim an interest in the property which is the subject of this action.

11.  Sternberg & Coad-Hermelin LLP, 540 Lennon Lane, Walnut Creek, California 94598, is named as a party to this action pursuant to I.R.C. §7403(b) in that it may claim an interest in the property which is the subject of this action.

12.  Just Water Heaters, 3400 Investment Boulevard, Hayward, California 94545, is named as a party to this action pursuant to I.R.C. §7403(b) in that it may claim an interest in the property which is the subject of this action.

13.  Countrywide Home Loans, 1800 Tapo Canyon Road SV-79C, Simi Valley, California 93063, is named as a party to this action pursuant to I.R.C. §7403(b) in that it may claim an interest in the property which is the subject of this action.

14.  California State Franchise Tax Board, Legal Branch Attention: Chief Counsel John Davies, P.O. Box 2229, Sacramento, California 95812-2229, is named as a party to this action pursuant to I.R.C. §7403(b) in that it may claim an interest in the property which is the subject of this action.

15.  Barry R. Thompson, Re: CBA Collection Bureau of America Case #CGC06-458703, 25954 Eden Landing Road - 1st Floor, Hayward, California 94545, is named as a party to this action pursuant to I.R.C. §7403(b) in that it may claim an interest in the property which is the subject of this action.

16.  Sun-Brite Professional Service, Inc., c/o Nesbitt & Bell, LLP, 9601 Wilshire Blvd, Suite 828, Beverly Hills, California 90210, is named as a party to this action pursuant to I.R.C. §7403(b) in that it may claim an interest in the property which is the subject of this action.

## COUNT II

## REDUCE ASSESSMENTS TO JUDGMENT

___17.  The United States realleges the allegations set forth in paragraphs 1 through 16 as if the same were fully set forth herein.

///

**Sole Proprietorship - Federal Employment Taxes**

18. A delegate of the Secretary of the Treasury made assessments against Sharon de Edwards, Sharon de Edwards, MD FACOG, for unpaid federal employment taxes (Form 941), penalties and interest thereon for the periods, on the dates, and in the amounts set forth below:

| Tax Period Ended | Date of Assessment | Amount of Assessment | Unpaid Balance of Assessments* |
|---|---|---|---|
| 09/30/93 | 06/06/94 | $2,647.34 | $11,057.14 |
| 12/31/93 | 06/06/94 | $2,647.34 | $7,827.39 |
| 03/31/94 | 07/04/94 | $2,409.15 | $3,163.48 |
| 06/30/94 | 10/17/94 | $2,659.08 | $8,858.77 |
| 09/30/94 | 12/26/94 | $3,419.89 | $11,531.13 |
| 12/31/94 | 07/31/95 | $3,775.70 | $12,720.80 |
| 03/31/95 | 07/03/95 | $2,896.67 | $141.60 |

* Unpaid balance as of September 30, 2007.

**Sole Proprietorship - Federal Unemployment Taxes**

19. A delegate of the Secretary of the Treasury made assessments against the Defendant Sharon de Edwards, Sharon de Edwards, MD FACOG, for unpaid federal employment taxes (Form 940), penalties and interest for the periods, on the dates, and in the amounts as set forth below:

| Tax Period Ended | Date of Assessment | Amount of Assessment | Unpaid Balance of Assessments* |
|---|---|---|---|
| 12/31/93 | 11/07/94 | $2,657.64 | $3,995.15 |
| 12/31/94 | 10/30/95 | $1,483.51 | $4,998.14 |

* Unpaid balance as of September 30, 2007.

**Civil Penalty**

20. A delegate of the Secretary of the Treasury made assessments against Defendant, Sharon de Edwards, Sharon de Edwards, MD FACOG, for Civil Penalty pursuant to 26 U.S.C. §6721

1  (Failure to File Correct Information Tax Returns) and interest for the period, on the date, and in

2  the amount as set forth below:

| Tax Period Ended | Date of Assessment | Amount of Assessment | Unpaid Balance of Assessments* |
|---|---|---|---|
| 1992 | 07/17/95 | 3,695.29 | $8,900.51 |

* Unpaid balance as of September 30, 2007.

**Federal Income Taxes**

21. A delegate of the Secretary of the Treasury made assessments against F. Anthony Edwards and Sharon de Edwards, for unpaid federal income taxes (Form 1040), penalties and interest thereon for the periods, on the dates, and in the amounts set forth below:

| Tax Period Ended | Date of Assessment | Amount of Assessment | Unpaid Balance of Assessments* |
|---|---|---|---|
| 1992 | 11/29/93 | $10,071.00 | $3,253.75 |
| 1993 | 06/27/94 | $25,691.00 | $31,480.27 |
| 1994 | 09/23/96 | $27,006.51 | $47,002.15 |
| 1995 | 12/02/96 | $22,429.00 | $60,510.37 |
| 1997 | 03/29/99 | $6,995.20 | $ 6,179.48 |
| 1998 | 02/07/00 | $10,611.00 | $24,672.74 |
| 2000 | 02/20/06 | $8,899.00 | $18,713.15 |
| 2001 | 12/13/04 | $50,205.92 | $100,058.79 |
| 2002 | 12/13/04 | $21,206.00 | $40,979.90 |
| 2003 | 12/13/04 | $33,852.00 | $53,805.10 |

* Unpaid balance as of September 30, 2007.

22. Notice and demand for payment of the assessments described in Paragraph 18 above, has been made on Defendant, Sharon de Edwards, Sharon de Edwards, MD FACOG.

23. Notice and demand for payment of the assessments described in Paragraph 19 above, has been made on Defendant, Sharon de Edwards, Sharon de Edwards, MD FACOG.

///

24. Notice and demand for payment of the assessment described in Paragraph 20 above, has been made on Defendant, Sharon de Edwards, Sharon de Edwards, MD FACOG.

25. Notice and demand for payment of the assessments described in Paragraph 21, above, has been made on Defendants F. Anthony Edwards and Sharon de Edwards.

26. Despite notice and demand for payment of the assessments described in Paragraphs 18, 19, and 20 above, Defendant, Sharon de Edwards, Sharon de Edwards, MD FACOG, has neglected, filed or refused to pay the balance of the assessments and there remains due and owing the amount of $73,194.11 as of September 30, 2007, plus accrued interest and penalties from the date of assessments and other statutory additions as provided by law.

27. Despite notice and demand for payment of the assessments described in Paragraph 21, above, Defendants F. Anthony Edwards and Sharon de Edwards have neglected, filed or refused to pay the balance of the assessments and there remains due and owing the amount of $386,655.70 as of September 30, 2007, plus accrued interest and penalties from the date of assessments and other statutory additions as provided by law.

## COUNT III

## FORECLOSE FEDERAL TAX LIENS

### Identification of Real Property Sought to be Foreclosed

___28. The United States realleges the allegations set forth in paragraphs 1 through 27 as if the same were fully set forth herein.

___29. The property which is the subject of this suit is real property located at 715 Castle Rock Drive, Walnut Creek, California 94598, (hereinafter referred to as the "subject property") and is more particularly described as follows:

> All that certain real property situated in the County of Contra Costa, State of California, described as follows:
>
> ( Unincorporated Area)
>
> Parcel One:
>
> Parcel A, as shown on the Parcel Map filed June 4, 1981 in Book 95 of Parcel Maps, Page 7, Contra Costa County Records

///

Parcel Two:

Right of Way granted in the Deed from Walnut Creek Savings and Loan Association to George L. Chingas, Trustee for Chingas Family Trust, Recorded December 31, 1969 in Book 6035, of Official Records, Page 773, as follows:

The right of access and use over that 20 foot access easement as shown on the Parcel Map filed April 25, 1969, in Book 8 of Parcel Maps, Page 19, Contra Costa County Records

Parcel Three :

Right of way reserved in reference to Parcel One above in the Deed from George L. Chingas, Trustee for the Chingas Family Trust, to John S. Robinson, et ux., Recorded 3uly 22, 1985, in Book 12416 of Official Records, Page 180, as follows:

An easement (not to be exclusive) as an appurtenance to Parcel One above, for use as a roadway for vehicles of all kinds, pedestrians and animals, and as a right of way for Water, Gas, Oil and Sewer Pipe Lines, and for Telephone, electric light and power lines, Together with the necessary poles or conduits to carry said lines over that portion of Parcel "B", as shown on the parcel Map filed June 4, 1981 in Book 95 of Parcel Maps, Page 7, Contra Costa County Records, described as follows:

Beginning at the most Northeasterly corner of said Parcel 'B"; thence along the Easterly property line of said Parcel 'B", South 37" 15' 00" West, 27.53 feet; thence along a curve to the left whose center bears South 12" 29' 47" West, with a radius of 82.50 feet, through a central angle of 23" 36/47", an arc length of 34.00 feet; thence along a reverse curve to the right whose center bears North 11" 07' 00" West, with a radius of 340.00 feet, through a central angle of 26" 35' 00" an arc length of 157.75 feet; thence along a compound curve to the right whose center bears North 15" 28' 00" East, with a radius of 267.50 feet, through a central angle of 9" 00' OO", an arc length of 42.02 feet; thence along a line tangent to the previously described arc North 65" 32' 00" West, 27.97 feet; thence North 12" 30' 00" East, 25.56 feet; thence South 65" 32' 00" East 33.27

30.  Pursuant to I.R.C. §§ 6321 and 6322, statutory liens arose in favor of the plaintiff, United States of America, upon all property and rights to property, whether real or personal, belonging to defendants F. Anthony Edwards and Sharon de Edwards, as of the dates of the assessments described in paragraphs 18 through 21, above.

31.  A delegate of the Secretary of the Treasury properly filed Notices of Federal Tax Lien with the County Recorder for Contra Costa County on March 24, 1994 (refiled December 9, 2003); October 13, 2003, August 30, 2005, July 31, 2006, August 7, 2006, August 14, 2006, August 27, 2007, and September 14, 2007, for the assessments set forth in paragraphs 18 through 21, above.

32. The subject real property described in paragraph 29, above, has at all pertinent times herein been property belonging to Defendants F. Anthony Edwards and Sharon de

1   Edwards, and the federal tax liens described in paragraphs 30 and 31, above, attached to their

2   interests upon assessment and have continued to encumber their interest in the subject real

3   property without interruption to the present.

4        WHEREFORE plaintiff, the United States of America, prays as follows:

5        A.    That this Court determine and adjudge that Defendant Sharon de Edwards, Sharon

6   de Edwards, MD FACOG, is indebted to the United States in the $73,194.11 as of September 30,

7   2007, for the federal tax liabilities at issue in this case, plus interest and other statutory additions

8   as provided by law that have accrued since September 30, 2007, and that judgment in that

9   amount be entered against Defendant Sharon de Edwards and in favor of the United States;

10       B.    That this Court determine and adjudge that Defendants F. Anthony Edwards and

11  Sharon de Edwards are indebted to the United States in the amount of in the $386,655.70 as of

12  September 30, 2007, for the federal tax liabilities at issue in this case, plus interest and other

13  statutory additions as provided by law that have accrued since September 30, 2007, and that

14  judgment in that amount be entered against Defendants F. Anthony Edwards and Sharon de

15  Edwards and in favor of the United States;

16       C.    That this Court determine and adjudge that the United States has valid federal tax

17  liens against all property and rights to property belonging to Defendants F. Anthony Edwards and

18  Sharon de Edwards, including their interest in the subject real property described in paragraph

19  29, above;

20       D.    That this Court determine that the federal tax liens encumbering the subject real

21  property arising from the assessments against Defendant Sharon de Edwards, Sharon de

22  Edwards, MD FACOG, and F. Anthony Edwards, described in paragraphs 18 through 21, above,

23  be foreclosed as against the interests of Sharon de Edwards and F. Anthony Edwards in and to

24  the subject real property described in paragraph 29 above, and that the subject real property be

25  sold to partially satisfy the outstanding and delinquent federal tax liabilities.

26       E.    That this Court determine the validity and priority of all liens on and other

27  interests in the subject real property and order that the proceeds from any judicial sale of such

28  property be distributed accordingly; and

1    F.    That the United States be granted its costs incurred in bringing this action, and for

2    such other and further relief as the Court deems just and proper.

3

4    DATED this _____ day of March, 2008.

5                                          JOSEPH RUSSONIELLO
                                           United States Attorney
6

7    Dated: March 7, 2008                  /s/ Cynthia Stier
                                           CYNTHIA STIER
8                                          Assistant United States Attorney

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28